a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARVIN ULISES RODRIGUEZ GUEVARA, Petitioner | CIVIL DOCKET NO. 1:25-CV-01893 SEC P |
| VERSUS | JUDGE EDWARDS |
| ELEAZAR GARCIA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Marvin Ulises Rodriguez-Guevara ("Rodriguez-Guevara"). Rodriguez-Guevara is an immigration detainee at Winn Correctional Center in Winnfield Louisiana. He challenges his continued detention during ongoing removal proceedings.

Because Rodriguez-Guevara does not show that his detention is unlawful, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.    Background

Rodriguez-Guevara is a native and citizen of El Salvador. ECF No. 1 at 1. He entered the United States without inspection in 2019 as an unaccompanied alien child ("UAC"). ECF No. 1 at 5. Rodriguez-Guevara was detained by Customs and Border Protection and placed in the custody of the Office of Refugee Resettlement

("ORR").  *Id.*  ORR subsequently released Rodriguez-Guevara to the custody of an adult sponsor.  *Id.*

On August 22, 2019, the Department of Homeland Security ("DHS") served Rodriguez-Guevara with a Notice to Appear ("NTA").  *Id.*  Rodriguez-Guevara alleges that the NTA did not specify the date or time of his hearing.  *Id.*  He later moved to terminate those removal proceedings on the basis that the NTA was defective.  *Id.* at 5-6.  An immigration judge granted the motion and terminated the proceedings on August 6, 2024.  *Id.* at 6; 1-1 at 10-12.  DHS did not appeal.  *Id.*

While residing in the United States, Rodriguez-Guevara obtained findings from the Massachusetts Probate and Family Court supporting eligibility for Special Immigrant Juvenile ("SIJ") status.  *Id.* at 6.  He filed a Form I-360 petition with United States Citizenship and Immigration Services ("USCIS"), which was approved on August 27, 2025. *Id.* at 2.  Rodriguez-Guevara alleges that, although the approved I-360 petition provides a pathway to lawful permanent resident status, a visa is not presently available, preventing him from filing an application for adjustment of status at this time.  *Id.* at 2.

On October 8, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Rodriguez-Guevara in Chelsea, Massachusetts. *Id.* at 6.  DHS thereafter issued Rodriguez-Guevara a new NTA charging him as a noncitizen present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 13 at 6; 13-1 at 2.

On November 17, 2025, Rodriguez-Guevara filed a motion for a bond redetermination hearing before the Immigration Court. ECF No. 13-2 at 1-5. On November 20, 2025, the Immigration Judge denied the request, finding that the court lacked jurisdiction to redetermine Rodriguez-Guevara's custody status. ECF No. 13-3 at 1. Rodriguez-Guevara appealed that determination to the Board of Immigration Appeals on December 22, 2025. ECF No. 13-4 at 5-6.

Rodriguez-Guevara also filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, which the Immigration Judge later pretermitted upon DHS's motion. ECF No. 13-6.

On January 6, 2026, an immigration judge ordered removal. Rodriguez-Guevara appealed, and the appeal remains pending, with a briefing deadline of June 29, 2026.[1]

Rodriguez-Guevara contends that his detention is unlawful because he is being detained under 8 U.S.C. § 1225 rather than § 1226. He asserts that his prior UAC designation, release from ORR custody, and approved SIJ petition distinguish him from other applicants for admission subject to mandatory detention. Therefore, Rodriguez-Guevara concludes that his continued detention without an individualized bond hearing is unlawful.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

II.   Law and Analysis

    A.   Rodriguez-Guevara's Statutory Challenge to Detention Under 8 U.S.C. § 1225

Rodriguez-Guevara contends that his detention violates the INA because the Government is detaining him pursuant to § 1225 rather than § 1226. He argues that, because he was released into the United States in 2019, has resided in the country for several years, and has an approved Special Immigrant Juvenile ("SIJ") petition, he is no longer properly considered an applicant for admission subject to mandatory detention under § 1225. ECF No. 1.

Section 1225(a)(1) provides that "[a]n alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A) further provides that, if an immigration officer determines that such an applicant for admission is not clearly and beyond a doubt entitled to admission, the alien "shall be detained" pending removal proceedings. *Id.* § 1225(b)(2)(A).

After Rodriguez-Guevara's Petition was filed, the Fifth Circuit addressed this issue in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).[2] The court held that noncitizens who entered the United States without inspection and were never admitted remain applicants for admission under § 1225, even when they have resided in the United States for many years before being encountered by immigration

---

[2] The Government's Response was filed after *Buenrostro-Mendez*. Rodriguez-Guevara did not file a reply addressing what effect, if any, *Buenrostro-Mendez* has on his Petition. Nor did he file an Amended Petition raising any new claims.

4

authorities. *Id.* at 502-08. The Fifth Circuit expressly rejected the argument that § 1225 applies only to persons actively presenting themselves for admission at a border or port of entry. *Id.* at 502-03.

Petitioner acknowledges that he entered the United States without admission or parole. ECF No. 1 at 1, 25. Likewise, the new NTA charges him as inadmissible under § 1182(a)(6)(A)(i) because he is a noncitizen present in the United States without being admitted or paroled. ECF No. 1-1 at 2. Under *Buenrostro-Mendez*, those facts place Petitioner within the scope of § 1225(b)(2).

Rodriguez-Guevara's reliance on district court decisions from other circuits rejecting DHS's interpretation of §§ 1225 and 1226 is unavailing. Whatever persuasive value those decisions may have possessed before *Buenrostro-Mendez*, this Court is bound by controlling Fifth Circuit precedent.

Accordingly, Petitioner's contention that he is statutorily entitled to detention under § 1226 rather than § 1225 lacks merit.

**B.** **Rodriguez-Guevara's UAC and SIJ Status Do Not Alter the Statutory Detention Analysis**

Rodriguez-Guevara next argues that his prior designation as a UAC, release from ORR custody, and approved SIJ petition entitle him to detention procedures associated with § 1226 rather than § 1225. ECF No. 1 at 20-22.

Congress has provided special procedures governing the treatment and placement of UACs. *See* 8 U.S.C. § 1232. Rodriguez-Guevara was afforded those protections when he was transferred to ORR custody and later released to a sponsor. ECF No. 1 at 5. However, Rodriguez-Guevara identifies no provision of § 1232

providing that a former UAC remains exempt from detention under § 1225 after reaching adulthood.  Indeed, Rodriguez-Guevara turned 18 before the October 2025 arrest and NTA giving rise to the present detention.  ECF No. 13-2 at 2.

Similarly, although Rodriguez-Guevara obtained approval of a Form I-360 SIJ petition, SIJ classification does not itself confer lawful immigration status, lawful permanent residence, or immunity from removal proceedings.  *See Budhathoki v. Nielsen*, 898 F.3d 504, 508 (5th Cir. 2018); *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023).  An approved SIJ petition may provide a basis for seeking adjustment of status when a visa becomes available, but it does not alter the detention authority otherwise applicable under the INA.

Accordingly, neither Rodriguez-Guevara's prior UAC status nor his approved SIJ petition removes him from the scope of § 1225 as interpreted by *Buenrostro-Mendez*.

## C.   <u>Rodriguez-Guevara's Due Process Claim</u>

Finally, Rodriguez-Guevara argues that his continued detention violates the Due Process Clause of the Fifth Amendment because he was released into the United States as a minor, lived in the community for several years, and was re-detained without an individualized bond hearing.  He contends that due process protections differ for noncitizens who are physically present in the United States and have developed substantial ties to the country.  Relying on *Zadvydas v. Davis*, 533 U.S. 678, 690-92, 699-700 (2001), *Department of Homeland Security v. Thuraissigiam,* 591 U.S. 103 (2020), *Landon v. Plasencia,* 459 U.S. 21, 32 (1982), and *Jennings v.*

*Rodriguez*, 583 U.S. 281, 287 (2018), Rodriguez-Guevara argues that although individuals seeking initial admission may have limited constitutional protections, those who have lived in the United States for years are entitled to greater due process protections before being deprived of their liberty.

But detention during removal proceedings is constitutionally permissible. *See Demore v. Kim*, 538 U.S. 510, 523 (2003).  Moreover, the Supreme Court has held that § 1225(b) mandates detention pending removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 300-01 (2018).

Although Rodriguez-Guevara argues that his prior release as a minor created a protected liberty interest, he has not shown that his present detention revoked any existing custody status or release order.  He does not allege that he was on parole, under an order of supervision, released on bond, or subject to an order of release on recognizance at the time of his October 2025 arrest. Rather, his prior removal proceedings had been terminated in 2024, and DHS later initiated new removal proceedings by serving a new NTA in October 2025.  ECF No. 1 at 6; ECF No. 1-1 at 2.

That distinction is significant.  Several decisions within this District recognized a procedural due process interest in re-detention where there was an existing release status, or in re-detention after a prior custody determination remained operative. *See Diallo v. Trump*, 1:25-CV-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026); *Kilic v. Acuna, et al.,* 1:25-CV-01928, 2026 WL 1652575, at \*2 (W.D. La. June 8, 2026); *Khurguani v. Ladwig,* 1:25-cv-01959 (W.D. La. May 13, 2026),

*Ghughunishvili v. Trump*, 3:26-CV-086 (W.D. La. March 20, 2026).    Those circumstances are not present here.

Rodriguez-Guevara's current detention did not revoke a continuing release order in an ongoing case. It followed a new enforcement action and a new charging document after the prior proceedings had ended.

Accordingly, Rodriguez-Guevara has not demonstrated that his present detention violates the Due Process Clause.

### III.    Conclusion

Because Rodriguez-Guevara fails to establish that his detention is unlawful, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).   A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.   A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, June 24, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE